UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALDA T. JOHNSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 03-2513 (ESH) |
| ) | |
| DAVID HOLWAY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Before the Court are plaintiff Valda T. Johnson's motion for new trial[1] and defendants' opposition. The basis for plaintiff's motion is that Richard Barry, General Counsel of the National Association of Government Employees, Service Employees International Union Local 5000 (NAGE) and NAGE's client representative at trial, met with certain defense witnesses before they testified in court. (Pls.' Opp'n to Defs.' Bill of Taxable Costs and Mot. for New Trial at 3, 23.) Plaintiff asserts that these contacts were improper and in violation of the Court's sequestration order and that a new trial should be granted "because of the taint of the witnesses." (*Id.*)

Plaintiff does not identify the Rule of Civil Procedure pursuant to which she is proceeding. Because her motion is clearly untimely under Rule 59, the Court will consider the motion pursuant to Rule 60(b). Regardless of whether the motion is treated as one based on

---

[1] Plaintiff's motion for new trial is contained in her opposition to defendants' bill of taxable costs, which was submitted to the Court for filing on October 10, 2006, and filed on October 12, 2006. Plaintiff's opposition is largely duplicative of the opposition filed on her behalf and on behalf of plaintiff Stuart Benson on October 10, 2006; however, the latter opposition does not include a request for a new trial.

"newly discovered evidence" under Rule 60(b)(2), or as one based on "fraud . . . misrepresentation, or other misconduct of an adverse party" under Rule 60(b)(3), plaintiff has not established a basis for relief, and the Court will deny the motion.

To prevail on a motion pursuant to Rule 60(b)(2), plaintiff must show, among other things, that the evidence on which her motion is based is "admissible and credible, and of such a material and controlling nature as will probably change the outcome." *Lans v. Gateway 2000*, 110 F. Supp. 2d 1, 4 (D.D.C. 2000), *aff'd sub nom. Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (D.C. Cir. 2001).[2] The standard for relief under Rule 60(b)(3) is even more exacting: plaintiff must prove "by clear and convincing evidence some sort of fraud, misrepresentation or other misconduct," *Martin v. Howard Univ.*, No. 99-1175, 2006 WL 2850656, at *3 (D.D.C. Oct. 4, 2006), and must demonstrate "actual prejudice" resulting from the misconduct, misrepresentation or fraud, *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004); *see also Martin*, 2006 WL 2850656, at *3.

Plaintiff has not demonstrated that there was any misconduct on the part of Mr. Barry, much less that there was misconduct that actually prejudiced her or that would probably have changed the outcome had it been revealed at trial. The Court's order regarding witnesses prohibited the lawyers and the parties from "talk[ing] to any witness about what testimony has gone on" and from talking to a witness about his or her testimony once that testimony had begun. (Pretrial Tr. vol. II, 5-6, Mar. 20, 2006.) The only facts that plaintiff offers in support of her motion are that Mr. Barry shared meals with certain defense witnesses in advance of their

---

[2]Of course, plaintiff also must show that the evidence is "newly discovered" in that "it was not and could not by the exercise of due diligence have been discovered in time to present it in the original proceeding." *Lans*, 110 F. Supp. 2d at 4. Plaintiff does not address, and the Court need not decide, whether the information on which her motion is based constitutes "newly discovered evidence" for purposes of Rule 60(b)(2).

testimony and that she "witnessed the coaching of [Mr.] Holway" on one occasion during trial. (Pls.' Opp'n to Defs.' Bill of Taxable Costs and Mot. for New Trial at 3, 20.)  Plaintiff does not provide any detail as to what transpired during this coaching incident, nor does she explain how she was prejudiced by it.[3]  Rather, plaintiff asks the Court to infer from the fact of Mr. Barry's contacts with witnesses that he disclosed to those witnesses information about the prior testimony in violation of the Court's order.  The Court declines to do so, particularly where Mr. Barry has submitted a sworn declaration stating that he did not make any such disclosures.  (Declaration of Richard L. Barry, Jr. ¶¶ 3-4.).  *Cf. United States v. Phibbs*, 999 F.2d 1053, 1073 (6th Cir. 1993) (rejecting as "rank speculation" defendant's claim to have been prejudiced by contacts between agent-witness who had been present at trial and witness who had not, where defendant alleged that government wanted agent-witness in court so that he could coach other witnesses during recesses); *United States v. Mitchell*, 410 F. Supp. 1201, 1203-04 (D.D.C.) (denying request for evidentiary hearing into allegations of jury tampering where evidence of tampering amounted to little more than defendant's speculation that there may have been contact between juror and third party about matter pending before jury), *aff'd sub nom. United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976).

Accordingly, plaintiff's motion for new trial [Dkt. # 161] is **DENIED**.

**SO ORDERED**.

                                                   s/
                                      ELLEN SEGAL HUVELLE
                                      United States District Judge

---

[3] The Court notes that when Mr. Holway was questioned about his contacts with Mr. Barry and other witnesses on cross-examination, he testified that he had not talked to anyone about any of the testimony in the case.  (Trial Tr. vol. 6, 1366-68, Apr. 27, 2006.)

Date: November 6, 2006